IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHARLES E. MILLS,**

                Petitioner,

    v.                        CASE NO.  06-3206-SAC

**DAVID R. McKUNE, et al.,**
    Respondents.

**O R D E R**

This habeas corpus action is currently before the court upon petitioner's second Motion for Summary Judgment (Doc. 7).  Having considered the motion, the court finds as follows.

Rule 81(a)(2) of the Federal Rules of Civil Procedure (FRCP), provides that the federal rules "are applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States, (and) the Rules Governing Section 2254 Cases . . . ."  The application of Rule 56 of the Federal Rules of Civil Procedure, which governs motions for summary judgment, is neither necessary nor appropriate in the context of habeas corpus proceedings, and Rule 56 is not automatically applicable as a matter of right.  See Harris v. Nelson, 394 U.S. 286, 295-97 (1969).  Instead, habeas petitioners are entitled to the summary procedures provided by Congress in the statutes governing habeas proceedings.

In accordance with the statutory habeas corpus procedures, this court has issued a show cause order to respondents, which requires

them to show cause why this petition for writ of habeas corpus should not be granted. Respondents are thus given an opportunity to respond to petitioner's allegations in accord with 28 U.S.C. § 2243. Petitioner then has the opportunity to file a Traverse in which he may deny any of the facts set forth in the Answer and Return or allege any other material facts. Id. Under the habeas statutes, the allegations of an Answer and Return, if not traversed, "shall be accepted as true except to the extent the judge finds from the evidence that they are not true." 28 U.S.C. § 2248. After the parties have been allowed time to file their Answer and Return and Traverse, the court shall "summarily hear and determine the facts and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

Petitioner provides no reason or legal basis for this court to summarily decide this matter prior to receiving respondents' Answer and Return. The court concludes that petitioner's motion for summary judgment is inappropriate and unnecessary in this case. Accordingly, the motion is denied.

**IT IS THEREFORE ORDERED** that petitioner's second Motion for Summary Judgment (Doc. 7) is denied.

DATED: This 5th day of October, 2006, at Topeka, Kansas.

s/Sam A. Crow
U. S. District Judge