```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**CHARLES E. MILLS,**

                      Petitioner,

     v.                           CASE NO.  06-3206-SAC

**DAVID R. McKUNE, et al.,**
    Respondents.

<u>**O R D E R**</u>

      This habeas action is currently before the court upon respondents' Answer and Return (Doc. 9) and petitioner's Traverse (Doc. 11).  Having examined these filings, the court finds that a show cause order to petitioner is necessary before the matter proceeds to determination.

      Petitioner alleged in his Petition, the court noted in its Show Cause Order, and respondents have confirmed in their Answer and Return that Mr. Mills has a Motion to Correct Illegal Sentence presently pending in state court, which challenges the conviction or sentence at issue in this case.  The pending state motion does not raise his speedy trial claims, but challenges the presentence investigation and criminal history information used in sentencing Mr. Mills.

      The instant federal Petition may proceed to determination on the speedy trial claim(s) at this time since it appears petitioner has exhausted state court remedies, at least on his main denial of speedy trial claim.  However, if petitioner is denied relief on his pending state motion, and then wishes to raise the challenges to his sentence in a subsequent federal habeas corpus petition, he is forewarned it would likely be barred as "second and successive"

under 28 U.S.C. 2244(b)(2).

Petitioner is therefore given this opportunity to state if he wants to proceed on his speedy trial claims at this time and risk not being able to raise his sentencing claims on federal habeas corpus in the future; or have this action dismissed without prejudice to his filing a 2254 petition in federal court after he has exhausted his state remedies on the challenges to his sentence[1].

Petitioner is also forewarned that there is a one-year statute of limitations for filing a federal habeas corpus petition that began running the date his state conviction became "final[2]." However, the limitations period is tolled while a properly filed application for State post-conviction or other collateral review is pending. 28 U.S.C. 2244(d)(2). Thus, if this action is dismissed without prejudice, petitioner will need to be very diligent in filing any new federal habeas corpus petition before the several months remaining of the statute of limitations expire.

Petitioner shall be given twenty (20) days to file a Motion for Voluntary Dismissal of this action, which would be without prejudice to his filing a new federal habeas corpus petition after he has exhausted his state court remedies on all challenges he may have to his state court convictions and sentences. If petitioner chooses

---

[1] The court expresses no opinion as to whether or not the challenges in Mr. Mills' pending state motion amount to federal constitutional claims which may be grounds for federal habeas corpus relief, since the basis for those claims has not been presented to this court.

[2] It appears from the information available to the court at this time that petitioner's conviction was "final" for statute of limitations purposes on or around December 22, 2005, which is 90 days after the Petition for Review was denied by the Kansas Supreme Court on his direct criminal appeal. It further appears that the motion to correct illegal sentence filed on March 17, 2006, tolls the federal statute of limitations from the time of its filing until it is no longer pending. It follows that less than 3 months of the statute of limitations expired before it was tolled by the filing of the state post-conviction motion.

instead to proceed with this habeas Petition on his speedy trial claims alone, then he may either file a responsive pleading so stating or nothing. If nothing is filed within the time provided, this action will be reassigned to another federal judge for decision on the speedy trial claim(s) only.

**IT IS THEREFORE ORDERED** that petitioner is given twenty (20) days in which to either file a Motion for Voluntary Dismissal of this action without prejudice, or notify the court either by responding to this Order or filing nothing in response that he wishes this action to proceed on his speedy trial claim(s) only.

**IT IS SO ORDERED.**

Dated this 17th day of November, 2006, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge