## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CHARLES E. MILLS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 06-3206-CM |
| | ) | |
| DAVID R. MCKUNE et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Charles E. Mills, a prisoner at the Lansing Correctional Facility in Lansing, Kansas, filed a petition *pro se* for writ of habeas corpus (Doc. 1).  Petitioner was convicted in state court of possession of drugs, forgery, and obstructing legal process or official duty.  He seeks a writ pursuant to 28 U.S.C. § 2254.  Specifically, petitioner requests federal relief on the following grounds: (1) the State of Kansas violated his right to due process by failing to bring him to trial within 180 days; and (2) the court, district attorney, and public defender conspired to deny petitioner his right to a speedy trial.  The court has reviewed the record and petitioner's arguments, and finds that habeas relief is not warranted.  For the following reasons, the petition is denied.

## I.    STANDARD OF REVIEW

Because petitioner filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, the court reviews petitioner's claims pursuant to the provisions of the Act.  *Wallace v. Ward*, 191 F.3d 1235, 1240 (10th Cir. 1999).  The Act permits a court to grant a writ only if one of two circumstances is present: (1) the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).  Absent clear and convincing evidence to the contrary, the court presumes that state court factual findings are correct.  *Id.* § 2254(e)(1).

## II.    BACKGROUND

The Uniform Mandatory Disposition of Detainers Act, codified in Kansas at Kan. Stat. Ann. § 22-4301 *et seq.*, allows a prisoner to request final disposition of charges pending against him.  If he so requests, the Kansas court must bring the charges to trial within 180 days or it will lack jurisdiction over the charges.  Kan. Stat. Ann. § 22-4303 provides exceptions to this rule that exclude certain delays from calculation of the 180 days.

Petitioner requested a detainer, and his 180 days was to run on October 4, 2003, which was a Saturday.  Absent any excludable delays, the deadline for petitioner's trial was therefore the following Monday, October 6, 2003.  *See* Kan. Stat. Ann. § 60-206(a) (providing that where the last day of a time period falls on a weekend or holiday, the period runs to the end of the next business day).  The court originally set the trial for September 22, 2003, but defense counsel was unavailable on that date.  The parties had a conference with the court on October 3, 2003.  At that conference, petitioner's counsel requested a continuance, but petitioner was unwilling to waive his right to a speedy trial.  The court therefore decided to proceed with trial on October 6.  Six minutes before the trial was to begin, petitioner filed motions to dismiss, to recuse the judge, and to stay the trial.  At that time, the judge recused and continued the trial for good cause.  The court conducted petitioner's trial on November 17, 2003.

Petitioner argued on appeal that the state district court lacked jurisdiction over him because

he was not brought to trial within the statutory 180 days.  The Kansas Court of Appeals held that petitioner's speedy trial rights were not violated.

## III.    DISCUSSION

### A.    Right to Speedy Trial

Petitioner first claims that the State of Kansas violated his right to due process by failing to bring him to trial within 180 days.  Petitioner primarily focuses on the perceived violation of Kan. Stat. Ann. § 22-4303.  But a violation of a state statute does not offer petitioner relief under federal habeas law.  *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Moore v. Nelson*, 49 Fed. App'x 250, 253 (10th Cir. 2002); *Hemby v. Hannigan*, 117 F. Supp. 2d 1057, 1058–59 (D. Kan. 2000) ("To the extent that petitioner seeks relief for alleged violation of the state speedy trial statute, no relief would be available under § 2254 for a violation of state law.").  Petitioner is not entitled to habeas relief for any statutory violation.

Petitioner characterizes his constitutional claim as a "due process" claim, as opposed to a speedy trial claim under the Sixth Amendment.[1]  It is unclear whether he mischaracterizes his claim, *see United States v. Lovasco*, 431 U.S. 783, 789 (1977) (recognizing that the due process clause plays some role in protecting against excessive <u>pre-indictment</u> delays) (emphasis added); *see also United States v. Marion*, 404 U.S. 307, 315 n.8 (1971), or whether he is merely referring to how the Sixth Amendment right to a speedy trial applies to states through the Fourteenth Amendment due

---

[1]  It appears to the court that petitioner only argued a state speedy trial violation before the Kansas courts.  Although respondents argued that petitioner procedurally defaulted his conspiracy claim, respondents did not argue that he procedurally defaulted his constitutional speedy trial violation claim.  Due to the late stage of the proceedings and petitioner's lack of opportunity to demonstrate cause and prejudice, the court will not address procedural default sua sponte in this instance.  *See Manlove v. Tansy*, 981 F.2d 473, 476 n.4 (10th Cir. 1992) ("A court can raise the state procedural bar defense sua sponte, but is not required to do so.  We choose not to raise the issue sua sponte because of the late stage of the proceedings.") (internal citation omitted).  The court therefore addresses the claim on its merits.

process clause, *see Klopfer v. North Carolina*, 386 U.S. 213, 222–23 (1967). In any event, the court's analysis of either claim is similar: petitioner must show some form of prejudice in order to prevail. *See United States v. Comosona*, 614 F.2d 695, 697 n.3 (10th Cir. 1980) (requiring "a specific showing of identifiable prejudice of the accused affecting his substantial rights" for a due process violation); *Barker v. Wingo*, 407 U.S. 514, 530–32 (1972) (requiring a presumptively prejudicial delay as a threshold showing for a constitutional speedy trial violation and evaluating prejudice to the defendant as an additional factor).

From the date that petitioner submitted his detainer request, 224 days—or about 7 ½ months—passed before his trial. Extreme delays can result in a constitutional speedy trial violation, but a delay must be "presumptively prejudicial" before the court looks to other factors to determine if a constitutional violation has occurred. *Barker*, 407 U.S. at 530–32 ("Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance."). This delay was not presumptively prejudicial. *See Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992) ("[T]he lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year."); *United States v. Dirden*, 38 F.3d 1131, 1138 (10th Cir. 1994) (declining to find seven-and-one-half-month delay between arraignment and trial presumptively prejudicial); *United States v. Kalady*, 941 F.2d 1090, 1095–96 (10th Cir. 1991) (finding an eight-month delay between indictment and trial nonprejudicial).[2]

Even if the court were to presume that a prejudicial delay occurred and look to the other factors, the court still would not find a constitutional violation. The court must balance the length of

---

[2] The court acknowledges that these cases deal with the time between charging and trial. The delay that petitioner complains of here is the time between when he filed his request for a detainer and trial. Petitioner does not challenge the time before he requested a detainer, and the court therefore does not address it.

the delay with the reason for the delay, the petitioner's assertion of his right to a speedy trial, and any prejudice he suffered. *Barker*, 407 U.S. at 530. Although petitioner repeatedly asserted his right to a speedy trial, the situations leading to the delays in this case were created by petitioner's counsel. The court was prepared to proceed to trial on October 6, the first weekday after the weekend during which the 180-day period would have run absent any excludable time. It was only due to petitioner's motions filed six minutes before trial began that the trial was continued until November 17, 2003. Any prejudice that petitioner suffered did not outweigh the relatively short delay, particularly in light of the reasons for the delay. Petitioner has not stated a constitutional violation, and to the extent that the Kansas Court of Appeals addressed the constitutional question, it did not issue a finding contrary to federal law.

## B.     Conspiracy

Petitioner next claims that the court, district attorney, and public defender conspired to deny him his right to a speedy trial. Petitioner did not raise this issue before the Kansas Court of Appeals or in his petition to the Kansas Supreme Court. A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). By failing to raise the issue before the Kansas Supreme Court, petitioner did not invoke one complete round of Kansas's appellate review process.

That said, if petitioner were to try to exhaust his claim now in state court, he would be barred from relief because the time for appeal has passed. This court therefore treats the claim as procedurally defaulted. *See Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000). On a procedurally defaulted claim, a petitioner must show "cause and prejudice or a fundamental miscarriage of justice" before this federal court will consider the claim. *See id.*

Petitioner fails to show cause because he does not offer any external factor that prevented him from raising this issue on appeal.  *See Coleman v. Thompson*, 501 U.S. 722, 753 (1991) ("'[C]ause under the cause and prejudice test must be something *external* to the petitioner."). Although petitioner argues in his petition that the conspiracy is newly-discovered evidence, he cites to the transcript of a proceeding that was conducted prior to his appeal—and, in fact, prior to his trial.  Petitioner's characterization of the facts supporting his claim as "newly-discovered evidence" fails.  He has offered no other cause for his failure to raise this issue earlier.

Petitioner also cannot show that a miscarriage of justice will result.  A petitioner may establish a miscarriage of justice by showing actual innocence.  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  Here, petitioner's claims for relief are not that he was actually innocent of the crimes.  Nor has he shown any other reason that a miscarriage of justice would result if the court does not consider his claim.

**IT IS THEREFORE ORDERED** that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is denied.

Dated this  4th  day of December 2007, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**

-6-